# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                             Case No. 07-31461-WRS
                                                  Chapter 7
HIGHWAY SOLUTIONS LLC,

          Debtor

HIGHWAY SOLUTIONS LLC,

          Plaintiff                               Adv. Pro. No. 08-3013-WRS

     v.

McKNIGHT CONSTRUCTION
COMPANY INC., et al.,

          Defendants

## MEMORANDUM DECISION

This Adversary Proceeding is before this Court upon the Motion to Compel Arbitration filed by Defendant McKnight Construction Co., Inc. (Doc. 19). For the reasons set forth below, the motion is GRANTED and this matter is referred for arbitration.

## I. FACTS

Plaintiff Susan DePaola is the Trustee in bankruptcy for Highway Solutions, Inc., the Debtor in the underlying Chapter 7 bankruptcy proceeding. Highway Solutions filed a petition in bankruptcy pursuant to Chapter 11 of the Bankruptcy Code on September 26, 2007. (Case No. 07-31461, Doc. 1). As no Trustee was appointed during the pendency of the Chapter 11 proceedings, Highway Solutions acted as a Debtor-in-Possession. 11 U.S.C. § 1107. On April 16, 2008, Highway Solutions, acting as Debtor-in-Possession, filed a complaint initiating this

Case 08-03013    Doc 49    Filed 08/24/09    Entered 08/24/09 14:31:22    Desc Main
Document      Page 1 of 9

Adversary Proceeding. (Doc. 1). In response, Defendants McKnight Construction and Travelers Casualty & Surety filed a flurry of motions, seeking to withdraw the reference, stay proceedings and compel arbitration. (Docs. 14-19). On July 18, 2008, this Court entered an order staying proceedings pending the District Court's determination on the motions to withdraw the reference. (Doc. 38). On June 12, 2009, the District Court handed down a decision denying the motions to withdraw the reference and returned the matter to this Court for resolution. (Doc. 40). In the meantime, the Chapter 11 proceeding filed by Highway Solutions was converted to a case under Chapter 7 on January 28, 2009. (Case No. 07-31461, Doc. 275). The following day Susan DePaola was appointed as Trustee in the now Chapter 7 proceeding. (Case No. 07-31461, Doc. 276).[1]

The cause of action which underlies this Adversary Proceeding arises out of two construction contracts between the Debtor Highway Solutions and McKnight Construction Co., Inc. McKnight Construction was the general contractor on two projects for the United States Army at Fort Benning, Georgia. Highway Solutions was a subcontractor. The contracts are denominated W912HN-04-0039 and W912HN-06-C-0012. Highway Solutions has plead its complaint in terms of eight counts, all of which arise out of the breach of the contracts, although some are cast in the form of actions sounding in tort or for breach of the Miller Act or the Bankruptcy Code. The gist of Highway Solutions' claims is that they believe that they are due more money under the contracts resulting from delays caused by McKnight or the Army. This Adversary Proceeding is before the Court on the motion to compel arbitration filed by McKnight Construction. Citing provisions in its contracts, McKnight contends that this dispute should be

---

[1] When a trustee in bankruptcy succeeds to a cause of action she should file a motion to substitute herself as the real party in interest. See, Bankruptcy Rule 7017. In this case, she simply began filing pleadings naming herself as plaintiff in place of Highway Solutions.

referred to arbitration.

## II.  LAW

The issue here is whether this cause of action should be decided by arbitration.  The Federal Arbitration Act provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity for the revocation of any contract.  9 U.S.C. § 2.  The Eleventh Circuit handed down a decision in 2007, which is nearly on all fours with case at bar.  Whiting-Turner Contracting Company v. Electric Machinery Enterprises, Inc., (Electric Machinery Enterprises, Inc.), 479 F.3d 791 (11th Cir. 2007); see also Bill Heard Enterprises, Inc. v. Balu, (Bill Heard Enterprises), 400 B.R. 806 (Bankr. N.D. Ala. 2009) (finding that the court lacked discretion to deny an arbitration in an action brought against a Chapter 11 automobile dealership debtor brought by its customers claiming violations of state law.); In re Tirex International, Inc., 395 B.R. 182 (Bankr. S.D. Fla. 2008) (noting that the Chapter 7 Trustee's claims seeking recovery of deposits paid by the debtor prepetition for goods never delivered fell squarely within the broad arbitration clause in the purchase agreement); Dawsey v. Citifinancial Auto Corporation (In re Dawsey), 2007 WL 1140358 (Bankr. M.D. Ala. 2007) (enforcing arbitration of a TILA violation claim arising out of a consumer credit transaction between Chapter 13 debtors and the assignee of their lender); contra Russell v. Queen City Furniture (In re Russel), 402 B.R. 188 (Bankr. N.D. Miss. 2009) (finding a debtor's claims that the creditor improperly disclosed private information invoked rights created by the Bankruptcy Code and thus allowed the court to exercise the discretion to refuse to compel arbitration).  In Whiting-Turner, a debtor in a case under Chapter 11, who was a subcontractor on a construction project brought suit against the general contractor for breach of contracting,

alleging, as does the Plaintiff here, that money was due under the contract. The Defendant in Whiting-Turner, as the Defendant in the case at bar, moved for arbitration, citing an arbitration clause in the contract. The decision of the Eleventh Circuit in Whiting-Turner is dispositive here.

The first step is to determine whether there is a valid arbitration agreement. Id. at 795. In the case at bar, Defendant McKnight has provided copies of the contracts pointing out the arbitration clause in each. (Doc. 19). The Court has reviewed the contracts and concludes that they are binding. See, Dixon v. Green Tree, Inc., (In re Dixon), 2007 WL 703612 (Bankr. M.D. Ala. March 5, 2007). Moreover, the Trustee does not dispute that arbitration clauses are valid. (Doc. 48).

The second step is to determine "whether arbitration inherently conflicts with the Bankruptcy Code." Electric Machinery at 796. "In general, bankruptcy courts do not have the discretion to decline to enforce an arbitration agreement relating to a non-core proceeding. Electric Machinery at 796 (citing Hays & Co. V. Merrill Lynch, Pierce Fenner & Smith, Inc., 885 F.2d 1149, 1156-57 (3rd Cir. 1989)). A nonexclusive list of core proceedings may be found at 28 U.S.C. § 157(b)(2). A breach of contract action brought by a debtor, or a trustee on behalf of a debtor, is not such an action. "A proceeding is not core 'if the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside bankruptcy.'" Electric Machinery at 797 (citing Cont'l Nat'l Bank v. Sanches (In re Toledo), 170 F.3d 1340, 1348 (11th Cir. 1999)). "A determination of whether money is owed a debtor under a

contract does not involve a right created by federal bankruptcy law, and is not a proceeding that would arise only in bankruptcy." Id. Therefore, this is not a core proceeding.

One should recall that the core versus noncore proceeding distinction arose out of a case handed down by the Supreme Court where a predecessor version of the Bankruptcy Code was held to be unconstitutional. Northern Pipeline Const. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858 (1982). In the Northern Pipeline case a debtor in possession in a case under Chapter 11 brought a breach of contract suit in a Bankruptcy Court. The Supreme Court held that the statute granting jurisdiction to bankruptcy judges unconstitutional because bankruptcy judges are not appointed pursuant to Article III of the Constitution and therefore cannot exercise powers reserved to judges appointed pursuant to Article III of the Constitution. In response, Congress enacted our jurisdictional structure which may be found at 28 U.S.C. §§1334 and 157. The universe of matters which may be brought before bankruptcy judges are divided into core and noncore proceedings. Bankruptcy judges may hear and determine core bankruptcy proceedings and enter final orders, which are subject to appeal. On the other hand, when a bankruptcy judge hears a noncore matter, he must make proposed findings of fact and conclusions of law, which are then reviewed, on a de novo basis, by a district judge. Thus, the kind of action brought by the Plaintiff, Trustee in bankruptcy here, is precisely the kind of action which caused so much grief in the Northern Pipeline case.

The Trustee argues here that because the complaint contains an action for "turnover" pursuant to 11 U.S.C. § 542, that the proceeding is core. To be sure, if one owes a debt which is not in dispute, the Trustee in bankruptcy may properly ask that it be paid to her. 11 U.S.C. § 542(b). However, this applies only to undisputed debts, or debts which have been reduced to judgment. Section 542(b) is not a provision which vests jurisdiction in a bankruptcy court to

determine all controversies involving debtors in bankruptcy. If one were to accept the Trustee's argument here, any breach of contract action brought by a debtor-in-possession or a trustee in bankruptcy, could be cast in terms of a "turnover" action and the statutory scheme enacted by Congress in response to <u>Northern Pipeline</u> would be undermined.

The Trustee cites a recent decision handed down by United States Bankruptcy Court for the District of Massachusetts in support of her position. <u>Jalbert v. Zurich American Insurance Company (In re Payton Construction Corporation)</u>, 399 B.R. 352 (Bankr. D. Mass. 2009)(denying motion to compel arbitration). In <u>Payton Construction</u>, the contract claim made by the liquidating trust administrator was a counterclaim inasmuch as Defendant Zurich American Insurance Company had previously filed a claim in the bankruptcy proceeding. Therefore, the breach of contract claim against Zurich American was a core proceeding. 28 U.S.C. § 157(b)(2)(C)(counterclaims by the estate against persons filing claims are core proceedings). The test to be considered by the Bankruptcy Court when making the determination of whether a core proceeding should be referred to arbitration is whether:

> (a) the underlying nature of a proceeding derives exclusively from the provisions of the Bankruptcy Code (not from prepetition legal or equitable rights of a debtor (the "arising-under requirement") and
>
> (b) the arbitration of the proceeding would conflict with the purpose of the Code (the "inherent conflict requirement).

<u>Payton Construction</u>, at 361-62, (citing <u>Ins. Co. Of N. Am. v. NGC Settlement Trust & Asbestos Claims Mgmt. Corp. (In re Nat'l Gypsum)</u>, 118 F.3d 1056 (5th Cir. 1997)). Applying that test, the Court in <u>Payton Construction</u> determined that the policy interest of concentrating matters involving a debtor in one centralized and specialized forum, i.e. the Bankruptcy Court, conflicts

with the policy underlying the Federal Arbitration Act.  The Court in <u>Payton Construction</u>

resolved that conflict in favor of leaving the dispute in Bankruptcy Court.

       The Trustee in the case at bar argues that the policy favoring a centralized forum should,

likewise militate in favor of leaving this Adversary Proceeding here in Bankruptcy Court.  This

argument is misplaced for two reasons.  First, because the case at bar is not a core proceeding,

this test does not apply.  Rather, the presumption is that bankruptcy courts should generally not

refuse arbitration in noncore matters.[2]  Second, the policy favoring determining claims in a

centralized forum refers to claims against the debtor and not claims by debtors against others.

Were the policy as argued by the Trustee, the Supreme Court would have decided the <u>Northern

Pipeline</u> case differently.

---

     [2] By using the phrase "in general," the Eleventh Circuit contemplates that there may be exceptions to the rule.  ( "In general, bankruptcy courts do not have the discretion to decline to enforce an arbitration agreement relating to a non-core proceeding.  <u>Electric Machinery</u> at 796).  At this time, the case law has not developed to the point of showing where the contours of this exception might lie.  However, there is nothing to indicate here that the underlying cause of action against McKnight Construction is anything other than a garden variety contract dispute.  Therefore, there is nothing here to show that case is in any way exceptional.

## III.  Conclusion

As a breach of contract action brought by a Trustee in bankruptcy against a nondebtor party is not a core proceeding, the arbitration clause in the parties contract should be enforced. The Court will grant the motion by way of a separate order.

Done this 24th day of August, 2009.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Adam P. Plant, Attorney for Plaintiff
   Max A. Moseley, Attorney for McKnight Construction
   W. Clark Watson, Esq.
   R. Scott Williams, Esq.
   Susan S. DePaola, Esq.